IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2012

## STATE OF TENNESSEE v. MARCUS TERRELL JOHNSON

**Appeal from the Criminal Court for Knox County**
**No. 94097      Steven W. Sword, Judge**

**No. E2012-00015-CCA-R3-CD - Filed August 27, 2012**

Charged by the Knox County Criminal Court grand jury with the sale and delivery of cocaine, a Schedule II controlled substance, the defendant, Marcus Terrell Johnson, pleaded guilty to the sale of cocaine and agreed to a 10-year suspended sentence. The trial court entered the judgment on April 7, 2011, but on May 6, 2011, the State obtained a probation revocation warrant that alleged that the defendant had not reported for probation, that his whereabouts were unknown, and, by a later-filed amendment, that he was arrested for theft and did not report the arrest. Following a hearing, the trial court revoked the defendant's probation and ordered him to serve his sentence in confinement. In his timely appeal, the defendant claims that the trial court erred by revoking the probation and ordering him into confinement. Because the record supports the trial court's order, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Mark Stephens. District Public Defender; and Jamie Niland, Assistant Public Defender, for the appellant, Marcus Terrell Johnson.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Philip H. Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In the revocation hearing, Robert Stuart, a "loss prevention" employee of Walmart near the Knoxville Center Shopping Mall in Knox County testified that on November 14, 2011, he saw the defendant shop-lift some merchandise. He saw the

defendant take four knives from a shelf, remove the bar codes, and hide the knives in a diaper bag. The diaper bag lay in a store cart which the defendant pushed. He then saw the defendant select a brush for an electric toothbrush, hide it beneath his coat, pass the diaper bag off to female companions, and then leave the store without paying for the merchandise. On cross-examination, Mr. Stuart testified that none of the Walmart security tapes recorded the defendant's concealment of the merchandise. One of the tapes recorded him selecting the brush head from a shelf. Mr. Stuart testified that the brush head was one of the shop-lifted items recovered from the defendant and his companions. Mr. Stuart reiterated that he observed the defendant select the merchandise and then conceal it. He testified that, after exiting the store, the defendant saw his companions being detained, threw the brush heads into a cart he was pushing, and left the cart near the cart corral.

Dani Sosa, a probation officer, testified that she was assigned to supervise the defendant's probation on April 7, 2011, and that the defendant failed to keep his July 2011 supervision appointment. She testified that on August 2 the defendant attempted to falsify a drug screen, explaining that a male officer discovered a small bottle of urine hidden beneath the defendant's shirt. The defendant failed to report after August 10, when he tested positive for Benzodiazapine. Ms. Sosa also testified that the defendant changed his residence "three times that [she was] aware of." She testified that the defendant did not report his November arrest as required by the terms of his probation. Ms. Sosa opined that the defendant would benefit from mental health treatment.

The trial court determined that the defendant violated his probation by changing his address without informing his probation officer, by failing to pass two drug screens, by failing to pay probation fees and court costs, and by committing a theft at Walmart.

The court reviewed the defendant's criminal history, which not only included a number of prior convictions but also a number of probation violations. The court concluded that multiple attempts at putting the defendant on probation had failed and that the defendant evinced "a serious lack of potential for rehabilitation." Accordingly, the court ordered the defendant to serve the balance of his sentence in confinement.

On appeal, the defendant posits that, unlike other probationers' cases wherein confinement orders had been affirmed, he had not committed violations before the filing of the amended revocation warrant now under review; that he fulfilled the terms of his probation in many respects; and that the court failed to consider less extreme alternatives such as enhanced probation. The State responds that confinement is warranted in this case because "[t]he defendant has blatantly violated the terms of his probation, as he has done on many occasions in the past." The record supports the State's position, and accordingly, we

affirm the order of the trial court.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Terry Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310. The revoking court may extend the period of probation supervision for a period not to exceed two years. *Id.* § 40-35-308(c).

In the present case, the trial court determined that the State established by a preponderance of the evidence multiple violations of the terms of probation, and the record supports these determinations. Therefore, revocation of probation was unquestionably justified.

Furthermore, the court expressed concern that the defendant's inability in the past to fulfill a probationary term without violating the probation, coupled with his offending while on the probation now under review, demonstrated his lack of amenability to rehabilitation. The record supports these determinations, and we cannot conclude that the trial court abused its discretion by ordering the defendant to serve his sentence in confinement.

Accordingly, the order of the criminal court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE